NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BLANKENSHIP, | No. C 07-0636 JF (PR) |
| Plaintiff, | ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL |
| v. | |
| B. MARTIN, et al., | |
| Defendants. | (Docket Nos. 11, 14 & 24) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has filed multiple motions for appointment of counsel (docket nos. 11, 14 and 24), each time claiming that appointment of counsel is necessary on the grounds that: 1) Plaintiff cannot afford counsel; 2) the issues are complex and will require significant research and investigation; 3) counsel would better enable Plaintiff to present evidence and cross examine witnesses; and 4) Plaintiff's attempts to obtain counsel have been unsuccessful.

There is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

The Court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the Plaintiff to articulate his

claims pro se in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  See Rand, 113 F.3d at 1525 (where Plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

      Plaintiff's motions for appointment of counsel (docket nos. 11, 14 and 24) are denied without prejudice for lack of exceptional circumstances.  See Rand, 113 F.3d at 1525; Terrell, 935 F.2d at 1017; Wilborn, 789 F.2d at 1331.

      IT IS SO ORDERED.

DATED: 5/30/08

JEREMY FOGEL
United States District Judge

Order Denying Plaintiff's Motion for Appointment of Counsel
P:\PRO-SE\SJ.JF\CR.07\Blankenship0636.DenyAtty.wpd      2