NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE BLANKENSHIP,

    Plaintiff,

vs.

DEPUTY B. MARTIN, et al.,

    Defendants.

No. C 07-00636 ~~07-00981~~ JF (PR)

ORDER OF DISMISSAL WITHOUT PREJUDICE; GRANTING IN PART DEFENDANTS' MOTION; DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

(Docket Nos. 17 & 38)

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against officials at San Mateo County Jail. After finding the complaint, liberally construed, stated cognizable claims for the use of excessive force, the Court ordered service upon the two named Defendants, Deputy Martin and Deputy Adams. Defendants have filed a motion for summary judgment, Plaintiff has filed an opposition, and Defendants have filed a reply.

**DISCUSSION**

A.   <u>Exhaustion</u>

In their motion for summary judgment, Defendants contend, inter alia, that Plaintiff has not exhausted his administrative remedies with respect to his claims of

excessive force against Defendants. Exhaustion is an affirmative defense as to which Defendants have the burden of proof; it should be raised in an unenumerated Rule 12(b) motion to dismiss rather than in a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Accordingly, with respect to the issue of exhaustion, the Court construes Defendants' motion for summary judgment as an unenumerated Rule 12(b) motion to dismiss under Wyatt. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.[1] If the Court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

1. Exhaustion Requirement

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies equally to prisoners held in private or government facilities. See Roles v. Maddox, 439 F.3d 1016, 1017-18 (9th Cir. 2006). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, *i.e.*, monetary damages, a prisoner must still exhaust administrative remedies. Id. at 2382-83 (citing Booth, 532 U.S. at 734).

---

[1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the order of service.

Order Granting Motion to Dismiss
G:\PRO-SE\SJ.JF\CR.07\Blankenship636_grant-mtd (exh).wpd       2

Administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief.  See generally O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (even with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act).

In California, county jails are required to have administrative grievance procedures that provide inmates with a right to appeal and resolve grievances regarding the conditions of confinement.  15 Cal. Code Regs. § 1073.  The County of San Mateo provides inmates in the County's Maguire Correctional Facility ("MCF"), where Plaintiff was housed, the right to file grievances regarding "any condition of confinement which the San Mateo Sheriff's Office has control."  (See Alcantara Decl. ¶ 3, Ex. A (setting forth inmate grievance procedures for inmates at MCF).)  In order to exhaust available administrative remedies within this system, an inmate must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal to a "Deputy/Correctional Officer," the "Housing Sergeant," and the "Watch Commander;" and (3) an appeal to the "Detention Division Captain (Facility Commander)."  (Id.)  This satisfies the administrative remedies exhaustion requirement under § 1997e(a).  An inmate need not proceed further and also exhaust state judicial remedies.  Jenkins v. Morton, 148 F.3d 257, 259-60 (3d Cir. 1998).

2.  Analysis

In his complaint, Plaintiff states he filed three administrative grievances, on April 21, 2006, August 15, 2006, and September 21, 2006, respectively.  (Complaint at 2.)  The April 21, 2006, grievance complains about medical attention Plaintiff received, and does not raise the alleged use of excessive force by Defendants that Plaintiff complains about

in the instant action.  (See Complaint at 2; Opposition (Docket No. 25)[2] at 12.)  As such, the April 21, 2006 grievance does not exhaust Plaintiff's claims herein.  See O'Guinn, 502 F.3d at 1062-63.[3]  The August 25, 2006 and September 21, 2006 grievances did raise the excessive force claim raised herein.  (Alcantara Decl. ¶¶ 5-7 & Exs. B - C.)  However, Plaintiff only presented these grievances to the Watch Commander, and he did not appeal the Watch Commander's decisions to the Facility Commander, the final available level of administrative review.  (Id.)  In order to comply with 42 U.S.C. § 1997e(a), Plaintiff must present his claims to the highest available level of administrative review, in this case to the MCF Facility Commander, before he may raise them in federal court.  As Plaintiff has failed to do so, this action will be dismissed without prejudice to refiling after all administrative remedies have been exhausted.

B.   Genuine Dispute of Material Fact

Defendants alternative argument, that there are no genuine issues of material fact in dispute, fails.  Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(c).  Material facts are those that may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See id.

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee, such as Plaintiff, from the use of excessive force that amounts to punishment.  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  The analysis set forth by the Supreme Court in Hudson v. McMillian, 503 U.S. 1, 6 (1992), under the Eighth Amendment also applies to

---

[2] Plaintiff has filed various documents in opposition to Defendants' motion.  The Court has considered all of these documents, and for purposes of clarity the Court identifies the specific document by docket number.

[3] Furthermore, Plaintiff filed this grievance with the Watch Commander, but he did not appeal the Watch Commander's decision to the Facility Commander, the final available level of administrative review.  (See Opposition (Docket No. 25) at 12.)

excessive force claims brought by pretrial detainees under the Fourteenth Amendment. United States v. Walsh, 194 F.3d 37, 48 (2d Cir. 1999); Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997).  The core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson, 502 U.S. at 6-7.  In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7.

In support of their argument, Defendants present Martin's declarations giving an account of the altercation between Defendants and Plaintiff.  Martin's account portrays Plaintiff as belligerent, non-compliant, and physically resisting their efforts to have him comply with their reasonable requests to calm down, and describes the use of force as so minor as to only cause a bump on Plaintiff's head.  (See Martin Decl. ¶¶ 2-8, Ex. A.) Plaintiff's account, in his verified complaint and his opposition papers, however, differs markedly.  According to Plaintiff, Defendants "attacked" him because he had two pillows, Plaintiff did not resist, and the attack caused in bones in his left wrist, shoulder and back to be moved "out of place," "problems" with his head, and repeated seizures. (See, e.g., Complaint at 3; Opposition (Docket No. 25) at 4-10.)

The Court must assume Plaintiff's first-hand account to be true in deciding Defendants' motion for summary judgment.  See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999) (in considering a motion for summary judgment, court must view admissible evidence in light most favorable to nonmoving party; and assume truth of evidence set forth by nonmoving party with respect to any disputed facts).  If true, Plaintiff's account could reasonably establish that the amount of force used by Defendants, insofar as it caused all of the injuries Plaintiff described, was far more than necessary under the circumstances, that Defendants did not act in good faith, and that they

1  maliciously harmed Plaintiff.[4]  Consequently, the conflicting factual account of the
2  altercation, in particular the amount of force used and Plaintiff's degree of compliance,
3  amounts to a genuine issue of material fact precluding summary judgment in defendants'
4  favor.

**CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is construed in part as a motion to dismiss for failure to exhaust under Rule 12(b) of the Federal Rules of Civil Procedure and GRANTED.  This action is DISMISSED without prejudice to Plaintiff refiling after all available administrative remedies have been properly exhausted.

Plaintiff's motion for leave to amend the complaint to add new Defendants is DENIED because such an amendment would not cure the deficiency in the complaint, namely the failure to exhaust administrative remedies.

The Clerk shall terminate Docket Nos. 17 and 38, enter judgment and close the file.

IT IS SO ORDERED.

DATED: 9/4/08

JEREMY FOGEL
United States District Judge

---

[4] For similar reasons, Defendants are not entitled to summary judgment based on qualified immunity, as no reasonable official could believe that they could inflict such extensive injuries on an inmate simply because he had two pillows. See Saucier v. Katz, 533 U.S. 194, 201-02 (2001) (qualified immunity available only if, viewed in the light most favorable to the nonmoving party, it would be "clear to a reasonable officer that his conduct was unlawful in the situation he confronted.").